UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS TABI,<br><br>  Plaintiff,<br><br>v.<br><br>JOHN DOE NO. 1, et al.,<br><br>  Defendants. | Case No. EDCV 18-714 DMG(JC)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the original Complaint, the currently operative First Amended Complaint, all documents filed in support of and in opposition to the motion of Defendant Riverside Community College [District] ("RCC") for judgment on the pleadings ("Defendant's Motion"), and all of the records herein, including the June 13, 2019 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation" or "R&R"), and Plaintiff's objections to the Report and Recommendation ("Objections" or "Obj."). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court agrees with, and approves and accepts the Report and Recommendation, and overrules all of the Objections. The Court more specifically addresses some of the Objections below.

First, the Objections largely mischaracterize the Report and Recommendation, the facts, and the governing law, and essentially reassert mostly the same rambling, conclusory, and at times unintelligible, arguments Plaintiff previously raised, and which the Report and Recommendation properly concludes have no merit.

Second, Plaintiff's objection that he was not afforded a meaningful opportunity to comply with the September 14, 2018 Case Management and Scheduling Order ("Scheduling Order") is predicated on a distortion of the record and an incorrect conflation of the three current Doe Defendants referenced in the operative First Amended Complaint ("Current Doe Defendants") with Plaintiff's four proposed new defendants ("Proposed New Defendants"), only the latter of whom are the subject of Plaintiff's November 1, 2018 request to amend.[1] The September 14, 2018 Scheduling Order notified Plaintiff that in the event he did not amend/seek to amend his pleading to name the Current Doe Defendants within 60 days, the Current Doe Defendants would be dismissed. [Doc. # 13 at 2.] Plaintiff has never sought leave to amend his pleading to name the Current Doe Defendants. The only portion of the Report and Recommendation that is predicated upon the Scheduling Order is the recommended dismissal of the Current Doe Defendants – a

---

[1] The three Current Doe Defendants referenced in the operative First Amended Complaint are an individual who was employed at RCC's Student Activities Office on **April 6, 2016** (Jane Doe No. 1) and two individuals who were employed at RCC's Admissions Office on **April 6, 2016** (John Doe No. 1 and Jane Doe No. 2). (FAC ¶¶ 19, 20.) Plaintiff's November 1, 2018 Opposition requests leave to amend to add four Proposed New Defendants – RCC's past and current presidents, Dr. Wolde-Ab Issac and Dr. Irving Hendrick, and two new proposed Doe Defendants who were RCC employees in **February 2018**. (Opp. 2-3, 10.) While Plaintiff suggests that affording him leave to add Drs. Isaac and Hendrick as defendants may assist him in identifying "unnamed defendants who were employees of RCC at the time that the events described in the complaint occurred" – discovery he could have sought from such individuals irrespective of their party status before the expiration of the deadline to seek to amend with the names of the Current Doe Defendants – he has not sought leave to amend with the names of the Current Doe Defendants.

recommendation which is entirely appropriate given the record. (R&R at 10). Contrary to Plaintiff's suggestion in the Objections (Obj. at 4), the Scheduling Order is *not* the predicate for the recommendation to deny Plaintiff leave to amend to add the Proposed New Defendants. In short, Plaintiff's objection that he was not afforded a meaningful opportunity to comply with the Scheduling Order is specious and is overruled.[2]

Third, Plaintiff's suggestion that the Court should somehow have divined that he was requesting leave to file a second amended complaint suing Drs. Isaac and Hendrick for a "failure to train" based upon his conclusory non-specific allegation that they should "assume liability for their actions and non-actions[]" (Opp. at 2-3; Obj at 5) is simply incorrect. While *pro se* complaints are to be construed liberally and should not be dismissed if they state a claim under any legal theory – even if the Plaintiff erroneously relies on a different legal theory (see Haddock v. Board of Dental Examiners, 777 F.2d 462, 464 (9th Cir. 1985) – a court may not supply essential elements of a claim that have not been pled. See

---

[2] The Report and Recommendation also recommends dismissal of the Current Doe Defendants – and only the Current Doe Defendants – based upon Plaintiff's failure to effect service upon them within 90 days of the filing of the Complaint and his failure to demonstrate good cause to extend such deadline. (R&R at 10). To the extent Plaintiff suggests that the Report and Recommendation recommends that anyone other than the Current Doe Defendants be dismissed for lack of timely service (Obj. at 6), he is mistaken. To the extent Plaintiff contends that the Court should consider whether factors including the statute of limitations would warrant granting him an extension of time to serve the Current Doe Defendants, the Court has done so. The Court notified Plaintiff on April 12, 2018, that absent a showing of good cause, he had until July 5, 2018 to effect service upon each defendant. The September 14, 2018 Scheduling Order notified the parties that they may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter of this action and set a discovery deadline of January 14, 2019. [Doc. # 13 at 1-2.]. Aside from seeking leave to add new parties who might have knowledge of the identities of the Current Doe Defendants, the record is devoid of any indication that Plaintiff has made any efforts to discover the names of the Current Doe Defendants, let alone to serve them. On this record, dismissal of the Current Doe Defendants based on lack of timely service is appropriate. In any event, even assuming dismissal on such basis was not appropriate, dismissal of the Current Doe Defendants based upon the Scheduling Order would independently be appropriate.

Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 954 (9th Cir. 2011) (en banc) ("[A] liberal interpretation of a . . . civil rights complaint may not supply essential elements of [a] claim that were not initially pled.") (quoting Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (quotation marks omitted; ellipses in original). Moreover, Plaintiff's Objections reveal that he is merely speculating as to who is responsible for the alleged failure to train the employees about whose conduct he complains and accordingly cannot plausibly allege facts showing that Drs. Isaac and Hendrick caused such alleged violations. (Objs. at 3) ("Some persons in the upper hierarchy must take responsibility for [RCC's] failure to train its employees. These persons are either the President of the College or perhaps the Regents and Trustees of the College. [¶] The president of [RCC] or someone in the upper heirarchy [sic] must take responsibility for the shortcomings of the College.").[3]

Finally, to the extent Plaintiff otherwise asserts new arguments for the first time in his Objections, the Court exercises its discretion to decline to consider them. See United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000), cert. denied, 534 U.S. 831 (2001).

IT IS THEREFORE ORDERED: (1) this action is dismissed without prejudice as against the Current Doe Defendants (John Doe No. 1, Jane Doe No. 1, and Jane Doe No. 2); (2) Defendant's Motion is granted to the extent it seeks judgment on the pleadings in favor of RCC on Plaintiff's sole federal claim, i.e., his first claim which arises under 42 U.S.C. § 1983; (3) the Court declines to exercises supplemental jurisdiction over Plaintiff's remaining state law claim against RCC, i.e., his second claim which alleges the intentional infliction of emotional distress; (4) leave to further amend is denied; and (5) the Clerk shall

---

[3] In any event, the denial of leave to amend is independently predicated on Plaintiff's failure to comply with Local Rule 15-1 by attaching a copy of a proposed second amended complaint – a deficiency Plaintiff has not remedied notwithstanding the notice afforded regarding the same in the Report and Recommendation.

enter Judgment accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment on Plaintiff and counsel for Defendant RCC (the only defendant who has appeared in this action).

IT IS SO ORDERED

DATED: August 26, 2019

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE